UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:19cv22371

| | | |
|---|---|---|
| **JIMMY JONES,** | ) | **[JURY DEMAND]** |
| Plaintiff, | ) | |
| v. | ) | |
| **JOSE NAVARRO, LUIS FRANCO,** | ) | |
| **TERRANCE REYNOLDS, JOSE ARAMBULA,** | ) | |
| **DAWANNA HOLMES, JOHN DOE;** all sued in their | ) | |
| individual capacities | ) | |
| Defendants, | ) | |

### COMPLAINT

Plaintiff, **JIMMY JONES**, by and through counsel, files his Complaint and alleges that:

### Parties

1. **Jimmy Jones**, Plaintiff, is a resident of the State of Florida and incarcerated.

2. Defendant **Jose Navarro**, at all times relevant, was employed by Florida Department of Corrections (sometimes referred to as "FDOC"). Navarro is a correctional officer with FDOC. Navarro is sued in his individual capacity.

3. Defendant **Luis Franco,** at all times relevant, was employed by FDOC. Franco is or was a correctional officer with FDOC. Franco is sued in his individual capacity.

4. Defendant **Terrance Reynolds** at all times relevant, was employed by FDOC. Reynolds is or was a correctional officer with FDOC. Reynolds is sued in his individual capacity.

5. Defendant **Jose Arambula** at all times relevant, was employed by FDOC. Arambula is or was a correctional officer with FDOC. Arambula is sued in his individual capacity.

6. Defendant, **Dawanna Holmes,** at all times relevant, was employed by FDOC.



600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

Page | 1

Holmes is or was a correctional officer with FDOC. Holmes is sued in her individual capacity.

7. Defendant **John Doe** at all times relevant, was employed by FDOC. Doe is or was a correctional officer with FDOC. Doe is sued in his individual capacity.

8. All Defendants, acted under color of statute, ordinance, regulation, custom, or usage, of Miami-Dade and/or the State of Florida.

## Jurisdiction & Venue

9. This action is brought pursuant to 42 USC § 1983 and 1988 regarding the violation of Plaintiff's rights under the Eight and Fourteenth Amendments of the United States Constitution.

10. Venue is proper because a substantial part of the events giving rise to Plaintiff's claims occurred in the Southern District of Florida.

11. All condition precedents have been satisfied including those conditions under the Prison Litigation Reform Act.

## Statement of Facts

12. On February 20, 2016, Jimmy Jones, an inmate at the South Florida Reception Center, was being visited and eating lunch with family members. The visitation area is known as Visiting Park.

13. Jones' mother had sunglasses. Jones placed the sunglasses on his face. Defendant Holmes, a correction officer, saw that Jones was wearing the sunglasses and told Jones to take them off. Jones quickly complied. Holmes said to Jones, "After the visit was over there would be a problem."

14. Attempting to clarify the situation, Jones then asked Holmes to contact the shift captain. The shift captain was Defendant Navarro. Navarro, followed by Franco, met with both



600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

Jones and Holmes in front of his family. When Navarro approached Jones and Holmes, Jones had a sandwich and soda in his hands from the lunch he was having with his family. Jones explained to Navarro what had occurred, specifically informing Navarro that he had immediately complied with Holmes' directive to take off the sunglasses.

15. Navarro told Jones to turn around and place his hands in restraints because he would be taken into solitary confinement because Jones felt that Holmes was a threat. Jones then informed Navarro that he did not feel that Holmes was threat, but he simply wanted to inform Navarro what transpired.

16. As requested, Jones turned around and placed the soda and sandwich in the trash. As Jones was turning around and without warning, Navarro pepper sprayed Jones directly in his face and Jones became blind.

17. At that point, Navarro and Franco tackled Jones to ground, kneed him, kicked him, punched him, and physically assaulted him. At no point did Jones resist. Holmes just observed and did nothing to prevent the gratuitous beatdown.

18. The attacked lasted for ten minutes. Holmes was arm's length away from Navarro and Franco's gratuitous attacked. Again, at no point during this attack, did Jones resist the officers. Yet, Holmes did not do anything to prevent the gratuitous attack by Navarro and Franco. When Franco and Navarro were done with their attacked – as Jones laid lifeless – they placed Jones in restraints.

19. Jones, still in restraint, was then dragged out of the Visiting Park into an area called Sally Port 1. He was dragged out by by Franco, Reynolds, and Arambula. Doe followed the officers. Once Jones gets into Sally Port 1, Defendant Doe hits Jones in the face with a radio.



600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

Page | 3

20. Jones is violently thrown to the ground. While still on the ground with handcuffs and fully restrained. Doe, Franco, Reynolds, and Arambula began to repeatedly kick Jones. During the unprovoked assault, Jones lost three top teeth and was covered in his own blood. After Defendants completed their gratuitous assault, Defendants picked Jones up from the ground and Doe then spat on his face.

21. Defendants then took Jones to pre-confinement to be examine by the healthcare practitioners.

22. Due to the brutal assault, the healthcare practitioners determined that Jones was in no condition to be in confinement.

23. Jones was then placed in the infirmary until he could be transferred to a local hospital for further treatment. At the hospital, oral surgery was performed on Jones to remove the three fractured teeth from his gum.

24. Based on Defendants' fabrication, Jones was placed in solitary confinement for three years. Jones suffered damages. These damages included but not limited to emotional, physical, and financial injury. Jones lost property. Jones was humiliated and embarrassed as result of this incident.

### COUNT I – EXCESSIVE FORCE IN VIOLATION OF THE EIGHTH AMENDMENT AGAINST NAVARRO AND FRANCO

25. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-24, inclusive, as if fully herein.

26. Defendants Navarro and Franco violated Plaintiff's right to be free from cruel or unusual punishment as secured to Plaintiff under the Eighth Amendment of the Constitution of the United States of America and as applied to the States under the Fourteenth Amendment.



600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

27. Defendants intentionally applied force in violation of the Eighth Amendment. While Jones was fully compliant and orderly, Navarro pepper sprayed Jones directly in his face and Jones became blind. Then, Navarro and Franco tackled Jones to ground, kneed him, kicked him, punched him, and physically assaulted him relentlessly. At no point did Jones resist.

28. This force used against Jones by Navarro and Franco was excessive.

29. Navarro and Franco's conduct caused Jones' injuries. During the unprovoked assault, Jones was lifeless, temporarily blind, bloodied, and bruised from the multiple kicks and punches lodged at him while he was not resisting.

30. Defendants acted under color of law.

31. The aforesaid acts of defendants were performed knowingly, intentionally, and maliciously, and/or were performed in a reckless manner with callous indifference to the health, safety and civil rights of the Jones, by reason of which Plaintiff is entitled to an award of punitive damages.

**COUNT II – EXCESSIVE FORCE IN VIOLATION OF THE EIGHTH AMENDMENT AGAINST DOE, FRANCO, REYNOLDS, & ARAMBULA**

32. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-24, inclusive, as if fully herein.

33. Defendants Navarro and Franco violated Plaintiff's right to be free from cruel or unusual punishment as secured to Plaintiff under the Eighth Amendment of the Constitution of the United States of America and as applied to the States under the Fourteenth Amendment.

34. Defendants intentionally applied force in violation of the Eighth Amendment. While Jones was in restraints and being dragged to Sally Port 1, Defendant Doe hits Jones in the face with a radio. Jones is violently thrown to the ground. While still on the ground with handcuffs and fully restrained, Doe, Franco, Reynolds, and Arambula began to repeatedly kick



Jones. Defendants picked Jones up from the ground and Doe then spat on his face. At no point did Jones resist.

35. This force used against Jones by Doe, Franco, Reynolds, and Arambula was excessive.

36. Doe, Franco, Reynolds, and Arambula's conduct caused Jones' injuries. During the unprovoked assault, Jones lost three top teeth and was covered in his own blood.

37. Defendants acted under color of law.

38. The aforesaid acts of defendants were performed knowingly, intentionally, and maliciously, and/or were performed in a reckless manner with callous indifference to the health, safety and civil rights of the Jones, by reason of which Plaintiff is entitled to an award of punitive damages.

### COUNT III – FAILURE TO INTERVENE AGAINST HOLMES

39. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-24, inclusive, as if fully herein.

40. Defendant Holmes violated Plaintiff's right to be free from cruel or unusual punishment as secured to Plaintiff under the Eighth Amendment of the Constitution of the United States of America and as applied to the States under the Fourteenth Amendment.

41. Defendant failed to intervene when she observed the unprovoked beating by Franco and Navarro in violation of the Eighth Amendment. Holmes was arm's length away from Navarro and Franco's gratuitous attacked – that lasted for ten minutes. At no point during this attack, did Jones resist the officers. Yet, Holmes did not do anything to prevent or stop the gratuitous attack by Navarro and Franco despite nothing impeding her ability to intervene. When



600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

Franco and Navarro were done with their attacked – as Jones laid lifeless – they placed Jones in restraints.

42. Holmes' conduct caused Jones' injuries. Had Holmes intervened, Jones would not have been lifeless, temporarily blind, bloodied, and bruised from the multiple kicks and punches lodged at him.

43. Defendant acted under color of law.

44. The aforesaid acts of Defendant were performed knowingly, intentionally, and maliciously, and/or were performed in a reckless manner with callous indifference to the health, safety and civil rights of the Jones, by reason of which Plaintiff is entitled to an award of punitive damages.

**Prayer**

Plaintiff, JIMMY JONES, for each and every cause of action above demands the following relief, jointly and or severally, against all Defendants;

a. Compensatory general and special damages in an amount in accordance with proof;
b. Consequential Damages;
c. Exemplary damages, against each and every Defendant, for intentional acts described above or for those done negligently or recklessly or with deliberate indifference, in an amount sufficient to deter the conduct of said defendants;
d. Reasonable attorneys' fees and expenses of litigation, including those fees permitted by 42 U.S.C. § 1988;
e. Prejudgment Interests where permitted by law,
f. Punitive Damages for the intentional conduct of individual Defendants,
g. Costs of suit and interest accrued incurred herein; and


600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

    h. Other forms equitable and/or legal relief the Court deems just or proper.

PIERRE **SIMON**
Attorneys for Plaintiff
600 Southwest 4th Avenue,
Fort Lauderdale, Florida 33315
By: <u>s/ Faudlin Pierre</u>
Faudlin Pierre, Esq.
FBN. 56770
fplaw08@yahoo.com
(305) 336-9193
