UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-22371-KMM

**JIMMY JONES,**
Plaintiff,

v.

**JOSE NAVARRO, et al,**
Defendants.

## MOTION TO EXTEND TIME TO SERVE
## SUMMONS AND COMPLAINT ON DEFENDANTS

Plaintiff, Jimmy Jones, moves this Court pursuant to Fed. R. Civ. P. 4(M) for an extension of seventy-five (75) days to serve summons upon defendants, Luis Franco, Terrance Reynolds, and John Doe, and in support states:

### BACKGROUND

This case pertains to the unlawful use of force by defendants – correctional officers – in violation of Jones' constitutional rights. On June 10, 2019, Jimmy Jones, incarcerated with the Florida Department of Correction ("Department"), filed the action against these correctional officers. The officers are Jose Navarro, Luis Franco, Terrance Reynolds, Jose Arambula, Dawanna Holmes, and John Doe.

The clerk issued summons for all the defendants except John Doe.  The U.S. Marshal served Jose Navarro, Jose Arambula, and Dawanna Holmes ("served defendants"). DE 10, 11, and 12. The U.S. Marshal could not perfect service on Terrance Reynolds and Luis Franco ("unserved defendants"). DE 8 and 9. As it relates to Franco, the U.S. Marshal indicated that service was not perfected because "Franco no longer works at SFRC or the D.O.C as of 2018" and that "no forwarding address was provided" by the warden's office. DE 8. As it relates to Reynolds, the U.S. Marshal indicated that service was not perfected because Reynolds "no



600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

Page | 1

longer works for D.O.C [and was] terminated 12/7/18," and no forwarding address was provided. DE 9.

Plaintiff have made multiple public records requests pertaining with the Department so he could obtain identifying information related to the defendants. Under Florida's public records law, certain identifying information of law enforcement are exempt from public disclosure. This information includes but not limited to an officer's home address, social security, and date of birth.

After filing of this lawsuit, Plaintiff also issued a subpoena to the Department in order to obtain identifying information of the remaining defendants. Through various discussions with the Department, Plaintiff is working on obtaining the information through a confidentiality agreement. Discussions are still ongoing.

Plaintiff has been diligently working on obtaining the identity and location of the unserved defendants and believes once Plaintiff receives this information from the Department, he will be able to provide the U.S. Marshal with proper addresses to perfect service.

Plaintiff's counsel spoke with counsel for the served defendants concerning his need to serve the unserved defendants. Counsel for served defendants revealed that she was aware that Reynolds had counsel for an unrelated but pending litigation. When undersigned counsel pressed counsel for further information, she responded she was unaware of any other information pertaining to the unserved defendants, including the name of Reynolds' counsel.

The statute of limitations is set to expire on or about February 20, 2020.

**LAW**

**PIERRE SIMON**

600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

Under Rule 4, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m) provides 90 days for service as follows:

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P 4(m). Rule 4(m) also provides that if the plaintiff shows "good cause" for the failure to serve within that 90 days, the court "must extend the time for service for an appropriate period." Id. "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (internal quotation marks and alteration omitted). Additionally, Fed. R. Civ. P. 4(m) "grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *Horenkamp v. Van Winkle*, 402 F.3d 1129, 1132 (11th Cir. March 11, 2005).

The Advisory Committee Notes explain that this rule requires a court to extend the time for service where the plaintiff shows good cause for failing to serve the defendant within the 90 days and "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there was no good cause shown." Advisory committee's note to 1993 amendment of Fed. R. Civ. P. 4(m). The Advisory Committee Notes further provide that even in the absence of good cause for failure to serve within the 90 days, additional time for service may be justified where the applicable statute of limitations would bar the refiled action or if the defendant is evading service or conceals a defect in the attempted service. *Id*. The Eleventh Circuit has explained that the Advisory Committee Note to Rule 4(m) provides guidance as to



600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

what factors may justify the grant of an extension of time for service of process in the absence of good cause. *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005).

**ARGUMENT**

Plaintiff has shown good cause to extend time to serve process on the remaining defendants. In the present case, Plaintiff is actively working to identify the identity and whereabouts of the remaining defendants. Plaintiff has made multiple public records requests to obtain this information. Plaintiff has issued a subpoena to obtain this information. Plaintiff's counsel has even requested information from opposing counsel to determine the whereabouts of one of the unserved defendants. Plaintiff's counsel is in active communication with the Department in order to obtain information on the identity and whereabouts of the remaining defendants. Plaintiff's counsel has even utilized various databases to obtain this information, but without additional identifying information, undersigned's efforts have proven unsuccessful. Due to their profession as law enforcement, this information is not readily accessible to the public and the Department goes to great lengths to maintain this privacy information.

As it relates to the Doe defendants, courts have exercised their discretion to extend service of process. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 568 (N.D. Ill. 1995) (stating that "Aviles has initiated discovery aimed at determining the officers' identities, and we are hesitant to dismiss a potentially meritorious lawsuit on essentially procedural grounds when such discovery requests are outstanding"); *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980) (holding that the "district court abused its discretion in not permitting the discovery sought by the appellant [to disclose the identity of doe defendants] and the court's subsequent dismissal of the complaint was error").



600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

Based on the foregoing, Plaintiff has shown good cause to extend time to serve process on the remaining defendants.

**Pre-Filing Conference:** On October 3, 2019, Undersigned conferred with Defendants' counsel pertaining to the relief sought in this motion. Defendants' counsel stated it will "likely opposed the motion."

Wherefore, Jimmy Jones, requests this Court grant him an extension of seventy-five (75) days to serve summons upon defendants, Luis Franco, Terrance Reynolds, and John Doe.

## CERTIFICATION

I certify that a copy hereof has been electronically filed with the Clerk of the Court on or about October 7, 2019.  I certify that a copy hereof has been electronically served on the below listed attorneys of record.

PIERRE **SIMON**
Attorneys for Plaintiff
600 Southwest 4th Avenue,
Fort Lauderdale, Florida 33315

By: s/ Faudlin Pierre
Faudlin Pierre, Esq.
FBN. 56770
fplaw08@yahoo.com
(305) 336-9193